# JOHN DEMBECK v. BETHLEHEM SHIPBUILDING CORPORATION.

[No. 93, October Term, 1933.]

*Decided January 12th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Marion A. Figinski,* for the appellant.

*George Weems Williams* and *Boyd B. Graham,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

The appeal here is by the claimant from a judgment of the Baltimore City Court affirming an order of the State Industrial Accident Commission passed on November 5th, 1932, whereby the commission discontinued payment of compensation ordered paid for temporary total disability under its prior order of October 16th, 1930. The order in question was passed by the commission after a hearing upon the petition of the employer and insurer to reopen the case to determine the nature and extent of the claimant's disability.

There is no controversy found in the record as to these facts: That on September 25th, 1930, the appellant was in the employ of the Bethlehem Shipbuilding Corporation; that while so employed he on that day suffered an accidental injury growing out of and in the course of his employment; that a report of the injury was made to the commission, and, in the usual course, without a hearing, it found that the claimant was temporarily totally disabled by such injury, and awarded compensation to the claimant at the rate of $15.77 per week during the continuance of his disability, subject to the provisions of the Workmen's Compensation Law (Code, art. 101, as amended), said compensation to

begin as of the 29th day of September, 1930; that under this order compensation was paid the claimant until October 26th, 1931, when it was discontinued by the employer and insurer. Subsequent to the discontinuance, the claimant filed a petition with the commission protesting the discontinuance and asking a reopening of the case to determine the nature and extent of the claimant's disability. A hearing was held upon that petition on January 29th, 1932, as well as on March 23rd of the same year. At the conclusion of these hearings the commission passed, on the 14th day of April, 1932, an order affirming the original order in the case, namely, the one of October 16th, 1930, wherein compensation had been awarded for temporary total disability. Shortly thereafter, upon the petition of the employer and insurer, the commission was again asked to reopen the case and determine the same question, that is, the nature and extent of the claimant's disability. A hearing on this petition of the employer was had on October 11th, 1932, and resulted in the order of the commission from which an appeal was taken, whereby the compensation allowed under the order of October 16th, 1930, was discontinued as of September 30th, 1932.

There are several questions presented on the appeal, of importance in the administration of the Workmen's Compensation Law, and this induces the comment that the case presents an illustration of the multitudinous questions raised by the administration of this legislation, the declared purpose of which was to avoid litigation, delay and expense, and provide for certain compensation to injured employees engaged in occupations covered by the statute, and to cure the evils declared to exist under the law as it stood prior to the enactment of article 101 of the Code, "Workmen's Compensation." Statutes of this character are of almost universal existence in the various states, and the original statutes have been from time to time the subject of amendment. A study of the application of these statutes and the method of administering them has convinced the lawmakers in certain of the states of the wisdom of declaring that the action of

the commission in awarding or disallowing compensation should be final, while in other states an appeal is allowed, whereby the case is practically tried *de novo* by a court and jury in the *nisi prius* court to which the appeal is taken. Since the act of 1931 (chapter 406) of this state, we have neither of those systems, but a combination of both, whereby the appeal is still retained, but must be heard and determined upon the record made before the commission; and by previous decisions of this court subsequent to that enactment it is now the law that nothing may be added to or subtracted from the record as made by the commission. *Thomas v. Penna. R. Co.,* 162 Md. 509, 160 A. 793; *Celanese Corp. v. Lease,* 162 Md. 587, 160 A. 801; *Monumental Printing Co. v. Edell,* 163 Md. 551, 164 A. 171.

The situation created by the act of 1931 and the decisions of this court, *supra,* makes it difficult to define and delimit the power and authority of the trial court on appeal in this class of cases. On the one hand we have the express mandate of the statute constituting a commission with broad powers, whose function it is, at least in the first instance, to determine and pass upon the validity of claims made by injured workmen under the statute. Formal and technical proceedings before the commission are enjoined, and technical rules of evidence are not to be applied by the commission. By section 9 of article 101 it is provided: "Subject to the provisions of this article, the State Industrial Accident Commission shall adopt reasonable and proper rules to govern its procedure, which procedure shall be as summary and simple as reasonably may be. It shall regulate and provide for the kind and character of notices, and the services thereof, and in cases of injury by accident to employees, the nature and extent of the proofs and evidence and the method of taking and furnishing the same for the establishment of the right to compensation. It shall determine the nature and forms of application of those claiming to be entitled to benefits or compensation, and shall regulate the method of making investigations, physical examinations and inspections and prescribe the time within which adjudications and awards

shall be made, provided, always, that all such rules and regulations shall conform to the provisions of this article." Section 10 provides: "The Commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided, but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this article." On the other hand, by section 56 of article 101 (as amended by Laws 1931, c. 406), as it now stands, it is provided: "Any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission affecting his interests under this Article, may have the same reviewed by a proceeding in the nature of an appeal and initiated in the circuit court of the county or in the common law courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision, and the court shall, from the record made before the Commission (or upon any stipulation of the facts which may be agreed to and signed by the parties and filed with such appeal), determine whether the Commission has exceeded the powers granted it by the Article, and whether it has misconstrued the law and facts applicable in the case decided as disclosed by the record aforesaid or such stipulation. If the court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified. Upon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact disclosed by such record or stipulation involved in such case."

It is thus seen that an appeal is provided from the finding of the commission, which is uncontrolled by technical rules of pleading and evidence, to a common law court whose function it is to compel certain recognized formalities and apply the technical rules of pleading and evidence. The effort is to reconcile, as far as may be within the power of this court, the

conflict produced by the difference in procedure before the commission with the thoroughly settled practice and rules governing the trial of cases in the courts of law. This difficulty is illustrated, in the case now before us, by an objection on behalf of the appellant to the report of Dr. Bay, embodying the result of his examination of the claimant, made subsequent to the final hearing before the commission but previous to its order from which the appeal was taken. This objection was overruled and exception noted. Dr. Bay, the record discloses, is the medical adviser and examiner of the commission, and his employment would seem to be amply provided for by sections 9 and 10 of article 101, above set forth, wherein it is specifically stated that the commission "shall regulate the method of making investigations, physical examinations and inspections," and "may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this article." It appears, however, that while the claimant had actual knowledge of his examination by Dr. Bay, because he submitted himself to such an examination, the report of the result of such examination was not made during a public hearing of the case at which the claimant or his counsel were present, and, further, that no opportunity was afforded the claimant to interrogate Dr. Bay as to the report or cross-examine him in reference thereto. Under such circumstances, there would seem to be a clear denial to the claimant of a right, recognized and enforced in all courts wherein truth and justice is the objective, for the parties to the cause to be confronted with the witnesses against them, and an opportunity to test the correctness or truthfulness of the evidence by cross-examination. And while this report is contained in the record as made by the commission and sent to the trial court, that court must have the inherent right, so long as an appeal to it be permitted, to correct such a fundamental error as would have the effect of a denial of justice as administered and practiced in that court; as, for example, if the commission heard only the claimant's side of the case and did not

permit the party opposing the allowance of compensation to be heard and present evidence in support of his contention, it would be manifestly so inequitable and unlawful as to require correction by the court on appeal.

A perhaps broad statement of the rule which must be now adopted is that the commission makes the record upon which the case must be tried on appeal, but that it must make a proper record; and the function of the trial court is to inspect the record made by the commission, and, upon discovery of a fundamental error, or error which would result in a substantial denial of justice to any of the parties concerned, by its order to return the record to the commission, to the end that a proper record be made by the commission and sent to the court for use in the trial on appeal. While it is true that the commission, as stated, had very broad powers in making its investigation and the acquisition of evidence upon which the finding was predicated, nevertheless we think that the plainest dictates of justice require that the parties be informed of the source of such information, and be given an opportunity to show that the information so acquired is not, in point of fact, true. In the instant case the report of Dr. Bay is short, and seems to be nothing more than cumulative testimony to that offered by the defendant tending to show the cessation of disability in respect to the claimant at the time of the hearing. Yet we are not prepared to say that this was not reversible error, because we have no way of determining the effect or the additional weight given by the commssion, or by the jury in the lower court on appeal, to this report, by reason of the fact that it was made by an employee of the commission who was supposed to be, and doubtless was, entirely disinterested and impartial. In our opinion there was error in permitting Dr. Bay's report to be read to the jury, even though it was contained in the transcript of record sent by the commission to the trial court, for which error the case must be reversed.

There is contained in the record another exception, which is of importance in the trial of future workmen's compensation cases, as well as the one now under consideration. By

rule 50 of the Supreme Bench of Baltimore City, under the title, "Rule to govern the framing of issues in Workmen's Compensation appeals in Baltimore City," it is provided: "Issues: (a) Within fifteen days after the filing of the record of the proceedings of the State Industrial Accident Commission in the Court to which the appeal has been taken, each of the parties thereto shall, unless the time for so doing shall have been extended by the Court for good cause shown, file in writing with the clerk of the said Court proposed issues of fact, having first served a copy thereof on the other party or parties. (b) All exceptions to issues filed by either party must be in writing and filed with the clerk within ten days after the service of a copy of the issues excepted to. No other exceptions shall be considered unless the court in its discretion shall frame issues. Any party may except within ten days to issues framed by the Court. Hearings: (a) Where exceptions have been filed to proposed issues or to modifications thereof by the Court, they shall stand for a hearing on the next law day. (b) After the issues have been framed and settled by the court, the trial judge shall upon application of either party, and after notice thereof to the other party or parties, set the appeal for a hearing on a particular day not earlier than five days after said application, unless otherwise agreed by the parties. If no issues of fact are involved, the case shall on like application be set for a hearing before the court without a jury. A jury trial may be waived in any appeal by written agreement of all of the parties filed therein." This rule is not contained in the record, but is set out in the briefs of both of the parties, and is conceded to be a correct statement of the rule. Under such circumstances, this court may consider it an existing rule of the supreme bench of Baltimore City. *Taylor v. Denny,* 118 Md. 124, at page 126, 84 A. 369.

In compliance with this rule, the claimant filed in writing five proposed issues, and the employer one. Exceptions in writing were filed by the employer to the claimant's issues, which, upon being heard in compliance with the rule, were sustained, and the proposed issues of the claimant rejected.

There was no exception taken by the claimant to the rejection of his issues. The question is now presented in this court as to whether it can review the action of the lower court in rejecting those issues. The issues in workmen's compensation cases consist of questions to be propounded to the jury, or the court sitting as a jury, and to be answered by them from the evidence submitted. They are, in all essential particulars, analogous to the pleadings; the object being in each case to present a simple and single question for determination. The action of the court in submitting or refusing to submit a proposed issue becomes as much a part of the record as its action in sustaining a demurrer to any of the pleadings. There can be no possible question that this court is informed by the record of the proceedings in the lower court that certain definite issues were proposed by the claimant, were excepted to by the employer, and that the court sustained the employer's exceptions and rejected or refused the proposed issues of the claimant; and we see no logical reason why the formal notation of an exception to that ruling of the court should be necessary in order to obtain a review of such action by the appellate court. The taking of an exception, of course, could do no harm, and that practice seems to have been followed in many of the cases which we have examined. The contrary practice is also disclosed. In *McCulloh & Co. v. Restivo,* 152 Md. 60, 136 A. 54, 55, wherein Judge Offutt delivered the opinion of the court, we said: "At the conclusion of the evidence at the trial in the Baltimore City Court, the claimant submitted two prayers, called 'third' and 'fourth,' which were granted, and the employer three, of which one was granted, and the single exception found in the record brings up for review these rulings of the trial court in connection with the prayers and issues offered by the respective parties." We conclude that the action of the court in rejecting the claimant's issues is open to review in this court; such action being clearly disclosed by the record.

Exceptions 1 and 2 are to the court's action in overruling objections to certain testimony; such objections having been

made by the claimant. The record does not indicate whether these objections were interposed at the hearing before the commission or at the trial in the lower court. The testimony was certainly admitted at the hearing before the commission; and, under the broad statutory power of the commission in determining the methods of and making the investigation, we cannot say that the commission misconstrued the law as contained in article 101 in permitting this testimony. If the objection and exception were taken at the trial in the lower court, we find no error in the action of the court in deciding, as they must have, that the commission had not misconstrued the law applicable in permitting the questions and answers objected to.

The admissibility of Dr. Bay's report was the subject of the third exception, and has been hereinbefore considered.

Having determined that the ruling of the lower court on the issues is open to review, we will consider the correctness *vel non* of that ruling. The claimant proposed five issues; the first asking the jury: "Was the claimant temporarily totally disabled beyond September 30, 1932, as a result of an accidental personal injury sustained in the course of his employment on the 25th day of September, 1930, with the Bethlehem Shipbuilding Corporation, Ltd. ?" The inquiry here sought to have the jury answer is: Was the claimant temporarily totally disabled after September 30th, 1932 ? The evidence shows that the claimant had, on October 16th, 1930, been awarded compensation by the commission for temporary total disability, which compensation, by supplemental order, was continued for such disability until September 30, 1932, at which last date, by order of the commission, it was discontinued. The only question to be answered by the jury, under the court's ruling on the issues, was the employer's issue, which asked this question: "Was John Dembeck, claimant, on and after September 30, 1932, in a state of permanent partial disability as a result of the injury of September 25, 1930 ?" Unless the jury found that the claimant was then suffering from a partial disability, which disability was permanent in its nature, they

were bound to answer that question "No," even though they believed from the evidence that the claimant at that time was temporarily totally disabled, or, in other words, was in the same condition that the commission found him to be up until September 30th, 1932. That question was in dispute, and the evidence on the point is contradictory; but we are unable to say, as a matter of law, that there was no evidence upon which the jury could make a finding of temporary total disability. We think this issue, that is, the claimant's first issue, should have been permitted.

The second, third and fourth proposed issues of the claimant, in legal effect, are identical with the granted issue of the employer. They all ask the jury, Is the claimant permanently partially disabled? but segregate and specify particular parts of the body, injury to which resulted in permanent partial disability. In other words, the second issue asks the jury: "Was the claimant permanently partially disabled in the dorsal vertebrae region of his back?" the third issue: "Was he permanently partially disabled in the lumbar vertebrae region of his back?" and the fourth: "Was he permanently partially disabled in his head?" If, as they were asked by the employer's issue to find whether or not the claimant was permanently partially disabled, they answered that question "Yes," it would make no possible difference as to whether or not the permanent partial disability resulted from injury to the dorsal vertebrae, lumbar vertebrae, or the head. They are all included and embraced by the employer's issue; and we find that the claimant's second, third and fourth proposed issue were properly rejected.

The claimant's fifth issue propounded the inquiry: "Was the claimant permanently totally disabled as a result of the injury?" There is no testimony offered by either the claimant or employer upon which the jury could find permanent total disability; and for this reason we find there was no error in the rejection of that issue.

The final exception is to the ruling on the prayers. Having found that an issue of temporary total disability should have been submitted, there is no necessity for discussing the

validity of the prayers rejected and granted where there was only one issue of fact submitted to the jury; that question being a determination of whether or not the claimant was suffering from a permanent partial disability as a result of the accident. When the case is retried, new and different prayers, applicable to the additional issue which we hold should have been submitted, will have to be asked for.

For the errors hereinbefore pointed out, the judgment must be reversed.

*Judgment reversed, and new trial awarded, with costs to the appellant.*