566 A.2d 148

**Don–Neil KADE**

v.

**The CHARLES H. HICKEY SCHOOL et al.**

**No. 364, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Dec. 1, 1989.

Stephen B. Awalt (Davis & Jenkins, on the brief), Baltimore, for appellant.

Ellen A. Callegary, Principal counsel, J. Joseph Curran, Jr., Atty. Gen. and Robert R. Fontaine, Asst. Atty. Gen., Baltimore, for appellees.

Argued before GARRITY, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

On July 28, 1987, Don–Neil Kade, the appellant, was suspended for three days from his job at the Charles H. Hickey School, an appellee, which is operated by the Juvenile Services Administration (JSA), the other appellee. On July 29, 1987, he appealed that suspension to the Department of Personnel (DOP). After conducting a hearing, a hearing officer of DOP, Jo Ann K. Joseph, issued a proposed order sustaining the suspension. Appellant noted exceptions to that proposed order. A hearing on the exceptions was held by Jeanne M. Zarnoch, a designee of the

Secretary of Personnel, who concluded that the suspension should be sustained.

On further appeal to the Circuit Court for Baltimore County, the order of DOP was affirmed. On appeal from that decision, appellant raises two issues for our review:

I. Was there substantial, reliable evidence in the record upon which the circuit court could correctly base its decision that appellant's employment suspension was justified?

II. Did appellant have a reasonable opportunity to confront and cross-examine the witnesses against him?

We reverse.

Appellant is a Youth Supervisor II at the Charles H. Hickey School, an institution operated by JSA, providing a program for the rehabilitation of delinquent children. Appellant was suspended for the period from July 28, 1987, through July 30, 1987, as a result of alleged loud and disrespectful conduct towards a fellow employee.

At the hearing conducted at the DOP, appellant testified about the incident which led to the allegations. On July 23, 1987, appellant was scheduled to begin working at 11:00 p.m.; he arrived at the housing unit to which he was assigned at approximately 10:45 p.m. When he arrived at the unit, Ogletha B. McCluney (McCluney) and another employee, Karen Redd (Redd), were already there. Shortly after appellant arrived, Redd went outside, and did not return.

After Redd left, appellant and McCluney had a discussion about a "night slip." Appellant admonished McCluney for not leaving a night slip at work on the prior evening and for failing to do so on July 23, 1987. At this point, appellant testified that McCluney became indignant, yelling and screaming at him regarding the night slip. Appellant denied that he ever used profanity during the conversation. He said that the students in the housing unit were all locked in their rooms and that when he checked the rooms, all of the students appeared to be sleeping.

As a result of the altercation between appellant and McCluney, appellant was suspended by his supervisor, Thomas Turner (Turner). Turner's decision was based on alleged conversations which he had with McCluney and with some of the students.

## I.

At the hearing before DOP on appellant's appeal of the suspension, the only witness appellees called was the superintendent of the Charles H. Hickey School, James M. Dean (Dean). Dean testified that he was not present on the night of the incident and that all of the information he possessed was based on statements given to him.

Over appellant's objections, the hearing officer admitted into evidence the suspension memo, which was written by Turner, and the written reports of McCluney and Redd regarding the incident. Over objections, the hearing officer also admitted documents which appellees claimed were statements of students who supposedly witnessed the incident. Responding to appellant's objections, the hearing officer stated:

> Inasmuch as this is an Administrative Hearing and we're not bound by the rules of evidence, any and all documentation will be accepted as long as it's relevant. The only objections that will be entertained, are those of which are not relative [sic] to the issue.

The written statements which were purportedly submitted by staff members Redd and McCluney are not sworn, nor do they reflect the circumstances under which they were prepared. The statements which were supposedly written by the students are not dated or verified; there is no indication of the students' ages, addresses or other descriptive information regarding them. The statements alleged that appellant had engaged in a loud argument, using profane language directed at McCluney. Based on the statements, the hearing officer rejected appellant's testimony as self-serving, and found that the reports which

JSA submitted were sufficient to sustain its burden of proof against appellant.

In reviewing a decision of an administrative agency, both circuit courts and appellate courts employ the substantial evidence test. *Baltimore Lutheran High School Ass'n, Inc. v. Employment Security Admin.*, 302 Md. 649, 662, 490 A.2d 701 (1985): "The scope of review is limited to whether a reasoning mind reasonably could have reached the factual conclusion the agency reached." A reviewing court, however, always has the right to determine if the administrative body made an error of law. *Id.* at 662, 490 A.2d 701. Appellant argues that DOP's decision fails the substantial evidence test since a reasoning mind could not have come to the conclusion which was reached because there was a total lack of legally sufficient evidence against appellant and because the hearing officer erroneously construed the law, giving hearsay evidence legal significance when it had no indicia of reliability.

█ Hearsay is admissible in an administrative proceeding. Indeed, if hearsay is found to be credible and probative, it may be the sole basis for a decision of an administrative body. *Redding v. Bd. of County Comm'rs*, 263 Md. 94, 110–11, 282 A.2d 136 (1971), *cert. denied*, 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 124 (1972). Even though hearsay is admissible, there are limits on its use. The hearsay must be competent and have probative force. State Government Code Ann., §§ 10–208(b) and 10–208(c); COMAR 06.01.03.-04. As we observed in *Department of Public Safety v. Scruggs*, 79 Md.App. 312, 321–22, 556 A.2d 736 (1989):

> While administrative proceedings do allow more 'flexible' evidentiary guidelines, Maryland courts have established some 'boundaries' to this flexibility. The Court of Appeals has stated that:

> > "[W]hile administrative agencies are not bound to observe the "technical common law rules of evidence," they are not prevented from doing so *as long as the evidentiary rules are not applied in an arbitrary or*

*oppressive manner that deprives a party of his right to a fair hearing.* [emphasis added]"
*Tron v. Prince George's County,* 69 Md.App. 256, 262, 517 A.2d 113, 116 (1986), (*quoting Comm'n on Med. Discipline v. Stillman,* 291 Md. 390, 422, 435 A.2d 747 (1981). Simply stated, the administrative agency 'must observe the basic rules of fairness as to parties appearing before them.' *Dal Maso v. Bd. of Co. Comm'rs,* 238 Md. 333, 337, 209 A.2d 62, 64 (1965).

A general guideline as to what evidence may be 'fairly' admitted under the relaxed standards of administrative proceedings is provided in Maryland Code (1984), § 10–208(b) of the State Government Article, which states:

"(b) *Probative evidence.*—The agency may admit probative evidence that reasonable and prudent individuals commonly accept in the conduct of their affairs and give probative effect to that evidence."

Under the circumstances of the instant case, we hold that DOP improperly based its decision to affirm appellant's suspension on the written statements of his co-workers and the students at the Charles H. Hickey School. Even though the statements were relevant, there was no indication that this hearsay evidence was reliable, credible or competent. The statements which were submitted by appellant's co-workers are not under oath and do not reflect how they were obtained. Similarly, the statements submitted by the students are not sworn or dated, and they do not give any indication of the circumstances under which they were given. Furthermore, there was no evidence of the age of the students or any other evidence that the students were competent witnesses to the incident which gave rise to appellant's suspension. No reason was given as to why the declarants were unavailable. Appellees did not exercise their right to compel their attendance at the hearing. Md. Code Ann., Article 64A, § 15; COMAR 06.01.03.04. Dean testified that he was surprised that McCluney and Redd were not present since he had made a written request of

them to appear. Dean further testified that he did not bring the student declarants to the hearing because he expected McCluney and Redd to testify.

Credibility was critical in making a determination of whether appellant was guilty of misconduct on the evening of July 23, 1987. Appellant's version of what occurred that evening was diametrically opposed to the version set forth in the written statements on which DOP based its decision. Appellant testified that McCluney became loud and belligerent with him, that Redd was not within earshot, and that the students were asleep.

DOP's hearing officer had no basis for evaluating the credibility of the declarants of the written statements on which she based her proposed order. *Cf. Citizens for Rewastico v. Comm'rs of Hebron,* 67 Md.App. 466, 477–85, 508 A.2d 493 (1986). Without that ability, appellant's right to a fair hearing on the allegations of appellees was compromised.

In cases where hearsay has been considered in administrative proceedings, the Court of Appeals and this Court have developed guidelines to assure that the evidence which is credited is reliable and competent. In *Eichberg v. Maryland Bd. of Pharmacy,* 50 Md.App. 189, 436 A.2d 525 (1981), for example, this Court was concerned with whether the record of a witness's testimony from Eichberg's earlier criminal trial was admissible in an administrative license revocation hearing. The testimony included cross-examination of the witness by Eichberg's counsel who represented him in both the criminal and administrative matters. *Id.* at 192, 436 A.2d 525. Furthermore, the record revealed that the witness was not available at the administrative proceeding because she was beyond the agency's jurisdiction and that the State had made a reasonable effort to produce her. *Id.* at 194, 436 A.2d 525. This Court concluded that the testimony was admissible because "... it was taken under oath, ... subject to cross-examination and the witness was unavailable to testify in person." *Id.* at 194, 436 A.2d 525.

As in *Eichberg,* the Court held in *Standard Oil Co. v. Mealey,* 147 Md. 249, 127 A. 850 (1925) that hearsay evidence could be credited in an administrative proceeding. A widow and certain doctors testified before the State Industrial Accident Commission concerning her deceased husband's description of the circumstances which led up to his death. *Id.* at 252, 127 A. 850. The declarant, the deceased husband, was obviously unavailable. Furthermore, the widow's testimony was corroborated by other people who had been told by the decedent that he had had an accident. *Id.* at 252, 127 A. 850. Again in *Commercial Transfer Co. v. Quasny,* 245 Md. 572, 227 A.2d 20 (1967), the Court held that hearsay statements which were given by a wife under oath were admissible where the husband, the declarant, had died and where other witnesses corroborated the testimony. *Id.* at 580–81, 227 A.2d 20.

In these cases, there was someone who could be examined as to when, where, and how the hearsay statements were made. Furthermore, there was some logical or practical reason why the declarant was not available to testify at the hearing. The finder of fact received the best available evidence.

Finally, appellees argue that appellant's challenges to the unreliable hearsay center on the hearing officer's Proposal for Decision instead of on the Order of the Designee of the Secretary of Personnel which, as the final order, is the subject of this appeal. We find no merit in this argument. The final decision rested on the documentary hearsay presented by appellees to the hearing officer.

In sum, the unreliable hearsay on which DOP based its decision did not support that decision by substantial evidence. Accordingly, its order, affirming appellant's suspension, must be reversed.

## II

In light of our holding based on the first issue presented, it will not be necessary to respond to appellant's contention

that he was denied a reasonable opportunity to confront and cross-examine the witnesses against him.

JUDGMENT REVERSED;

CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY WITH INSTRUCTIONS TO REVERSE THE ORDER OF THE DEPARTMENT OF PERSONNEL;

COSTS TO BE PAID BY THE APPELLEES.