## ECKES ET AL. *v.* BOARD OF ZONING APPEALS OF BALTIMORE COUNTY ET AL.

[No. 125, October Term, 1955.]

434

*Decided March 16, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Kenneth C. Proctor* for the appellants.

*Allen E. Buzzell,* with whom was *George E. Berry* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County affirming the action of the Zoning Commissioner and the Board of Zoning Appeals, (the Board).

Edwin O. Lynch, Elizabeth H. Lynch, his wife, and Florence C. O. Lynch, are the owners of a parcel of land containing ten and three-quarters acres located at the northwest corner of the right angle intersection of Wise Avenue and Lynch Road near Dundalk in Baltimore County. This land extends westerly along the north side of Wise Avenue, from its intersection with Lynch Road, a distance of 715 feet, and northerly along Lynch Road from that intersection, a distance of 675 feet. They filed an application with the Zoning Commissioner for a re-classification of that area from "A" Residential to "E" Commercial for the erection of a shopping center.

The Zoning Commissioner, after hearing, passed an order granting the requested reclassification "subject to the provision of at least two and a half square feet of off-street parking area for each square foot of land covered by commercial buildings." Some of the residents of the community, who had protested the re-zoning before the Zoning Commissioner, appealed to the Board. After a hearing before the Board, where none of the protestants testified, a combined opinion and order was passed on November 30, 1954, affirming the action of the Zoning Commissioner. Upon appeal the matter was taken before the Circuit Court for Baltimore County where the trial judge by order affirmed the action of the Board. From that order appellants appeal.

Prior to January 2, 1945, the effective date of the Zoning Laws and Regulations of Baltimore County, the tract of land here sought to be re-zoned was cultivated as farm land, the remaining part of a sixty-five acre farm formerly operated by the husband of Florence C. O. Lynch and the father of Edwin O. Lynch. At that time there were no commercial establishments of any kind in the area. This land, including the four corners at the intersection

of Wise Avenue and Lynch Road, then under cultivation as farm land, was originally zoned "A" Residential as was all farm land in that vicinity. On the north side of Wise Avenue from Lynch Road to Merritt Avenue, a distance of approximately three-quarters of a mile, there were no commercial establishments. The land there was cultivated as farm land, as was the south side of Wise Avenue except for a few residences near Lynch Road.

Since the adoption of the zoning regulations the other three corners at the intersection of Lynch Road and Wise Avenue have been reclassified as commercial and special permits issued for the erection of filling stations thereon. These filling stations have been built. From Lynch Road to Church Road in a westerly direction running along the north side of Wise Avenue there are two other establishments, a garage and used car agency, begun since January 2, 1945. Adjoining these is a vacant lot which has been zoned commercial but no commercial establishments have been erected thereon. Between Lynch Road and Church Road on the south side of Wise Avenue is a Sweet Shop adjacent to the filling station on the corner of Lynch Road. On the north side of Wise Avenue between Church Road and Merritt Avenue the entire block is zoned commercial. An office building is located on the southwest corner of Wise Avenue and Church Road. Merritt Avenue crosses Wise Avenue about three-quarters of a mile west of Lynch Road and the tract in question. West of Merritt Avenue is a large area which has also been zoned commercial. That tract had not been developed for commercial use at the time of the hearing before the Board. The remaining land in this area is zoned residential and residences have been constructed thereon or are in the course of construction.

In the residential zone on the east side of Lynch Road, just north of the filling station on the corner of Wise Avenue, is a tract of approximately twenty acres owned by the Catholic church on which there has been erected a school and parish house. On Church Road, which is about a half mile west of Lynch Road, just north of Wise

Avenue, is a tract of land owned by the Patapsco Methodist Church. The erection of church buildings is contemplated there at a cost of approximately $800,000.00. In the residential area there has been a substantial increase in the construction of residences which are mostly group row houses. Homes have been erected or are in the process of being erected on the west side of Lynch Road within several hundred feet of the ten and three-quarter acre tract here sought to be re-zoned. The appellees have reserved out of this tract three lots on the west side of Lynch Road adjoining the tract.

It is settled by a long line of cases in this State that, where a legislative body under the powers granted by the Legislature has enacted a zoning ordinance, the review by the court is restricted and narrow in scope. Such an ordinance is presumed to be valid in the exercise of the police power. A successful attack must affirmatively and clearly show that the ordinance is arbitrary, capricious, discriminatory, or illegal. This presumption of reasonableness and constitutionality applies to re-zoning as well as to original zoning, although not with as great force. In order for the re-zoning to be valid it must appear that either there was a mistake in the original zoning, or that the character of the neighborhood has changed to such an extent as to justify such re-zoning. Where the legislative body has re-zoned, the courts will not substitute their judgment for that of the legislative body if the question decided was fairly debatable. Unless it is shown that the re-zoning by the Board was arbitrary, capricious, discriminatory, or illegal, and not fairly debatable, the action of the Board must be affirmed. We here cannot disregard the rule that in an appeal from the Board, the court will not substitute its judgment as to the wisdom of the action taken by the Board in zoning and re-zoning. The only question before the court is whether or not such action was arbitrary and discriminatory or fairly debatable. The court will only reverse where there are no grounds for reasonable debate or where there are no supporting facts in the record to justify the legislative action

of the Board. *Northwest Merchants Terminal v. O'Rourke,* 191 Md. 171, 60 A. 2d 743; *Kracke v. Weinberg,* 197 Md. 339, 79 A. 2d 387; *Wakefield v. Kraft,* 202 Md. 136, 96 A. 2d 27; *Zang & Sons, Builders, Inc. v. Taylor,* 203 Md. 628, 102 A. 2d 723; *American Oil Company v. Miller,* 204 Md. 32, 102 A. 2d 727; *Offutt v. Bd. of Zoning Appeals,* 204 Md. 551, 105 A. 2d 219. No one in this case challenges the original zoning as "A" Residential, as all the farm land in this area was originally so zoned. The question before this Court is whether there were any supporting facts to justify the action of the re-zoning. If so, and there is room for reasonable debate as to the justification for re-zoning and the action of the Board was not arbitrary, capricious, and discriminatory, we are without power to deny such re-zoning.

Mr. Milton J. Dance, a real estate broker, testified that he has been familiar with this property for a long time. He testified as to the commercial establishments in the area as above set forth and also that many group houses have recently been built in the area within one half mile of the intersection of Wise Avenue and Lynch Road. There is no residential development at this intersection. In his opinion a shopping center would be very convenient and "quite a necessity in this area." Mr. T. Richard Fitzell, a realtor in Dundalk, testified that he has been acquainted with this property for over thirty years and has lived in the immediate vicinity for another ten years. Within a radius of one mile of the intersection of Wise Avenue and Lynch Road five thousand units of group houses had been erected or were under development. A shopping center there would avoid traveling three miles. The transportation in that area was inadequate. Mrs. Ruth G. Douty testified that her home was within five hundred feet of the tract in question and she thought a shopping center would be beneficial to the community. Mrs. Theresa Good, whose home is within 550 feet of the tract, testified to the same effect. Mrs. George N. Boone, a member of the Patapsco Methodist Church, stated that an $800,000.00 project was contemplated by that church

and that the people in that church had no opposition to the shopping center and thought it would help the community. Six other ladies would testify to the same effect. Mr. Wilsie H. Adams, Zoning Commissioner of Baltimore County, testifying from the zoning map, stated that there was another tract of land zoned commercial of approximately the same acreage as that in question here which was located 575 feet distant, and another tract of the same size zoned commercial, which was located on Merritt Avenue 2,500 to 3,000 feet from the tract in question here.

The appellants agree that there was no mistake in the original zoning. They also admit that there have been some changes in land use from residential to commercial. They contend, however, that these changes are of a minor nature and that the real change, on account of the number of group housing units which have been built, is from agricultural to residential. They also stress the two other areas, zoned commercial, which have not been developed, within 575 feet and 2,500 feet of the tract in question. They strongly rely on the cases of *Zinn v. Board of Zoning Appeals,* 207 Md. 355, 114 A. 2d 614; and *Schiff v. Board of Zoning Appeals,* 207 Md. 365, 114 A. 2d 644. They particularly rely on the following quotation from the *Zinn* case, *supra:* "We need not decide whether a mere intensification of residential use could support a reclassification, upon a stronger showing of need than the record discloses. The fundamental objection lies in the fact that there is apparently not now in existence, any more than there was in 1945, a truly comprehensive land use plan. In the absence of such a plan, the Board is put in the position of making piecemeal adjudications on testimony produced by successive applicants and protestants, in which one proposed exception follows another, without any opportunity to consider objectively the long-range purposes. The dangers in this type of procedure have been noted. Cf. *City of Baltimore v. Byrd,* 191 Md. 632, 637 and *Bartram v. Zoning Commission,* 68 A. 2d 308, 312 (Conn.). See also *American Oil Co. v. Miller,* 204 Md. 32 and *Cassel v. City of Baltimore,* 195 Md. 348. Without

discussing the facts in the other zoning case referred to by the appellants, it furnishes an illustration of the dangers, for it is a conceded fact that the Board has rezoned two tracts within a stone's throw of each other, to permit the establishment of two large shopping centers. Whatever the merits of each application considered separately we think there can be no justification for both. It is this kind of piecemeal zoning that brings the whole process under criticism." The appellants consider this to be a holding by this Court that there should be no change in zoning classifications in Baltimore County until a comprehensive land use plan has been adopted. Certainly such was not the ruling of this Court. We held in that case and in the *Schiff* case, *supra,* that the re-zoning there contemplated was piecemeal. In each of those cases the Board seemed to have ignored the fact that the other application was there pending. Therefore, under the circumstances in those cases it appeared that the Board had taken precipitous action without giving thought to the general plan for that neighborhood. The only commercial uses anywhere in the vicinity of those two adjoining contemplated shopping centers was a restaurant and nightclub, a small icecream stand, a drive in icecream store, an old quarry, and a radar school. These were claimed to be non-conforming uses. The only real change shown in the character of the neighborhood was the building of residences. There were still some large open areas undeveloped in the vicinity. The Board did not there find that the existing non-residential uses constituted a change in the character of the neighborhood. They simply found that those "miscellaneous non-residential uses do not adequately provide for commercial needs in this area." Also in those cases there was no convincing testimony of a need for new shopping centers. The residents of the neighborhood testified in opposition as to the traffic hazards which would exist as a result of two large adjoining shopping centers on narrow roads in the area. There were a large number of shopping

centers and similar facilities within a mile or so of the proposed locations.

We see little similarity between the situations presented to the Board in the *Zinn* and *Schiff* cases, *supra,* and that before us here. In the instant case the three remaining corners at the intersection of Wise Avenue and Lynch Road are occupied under special permits by filling stations. There are other commercial establishments in the immediate vicinity of that intersection. None of the residents of the area who opposed the re-zoning testified in the hearing before the Board. There is no testimony here to show that the establishment of this shopping center would be detrimental to the neighborhood. In fact the testimony is directly to the contrary. It appears, on account of the large number of group houses and row houses already erected and being erected in the vicinity, that there is a definite need for the establishment of a shopping center at this location. The re-zoning here could not be considered piecemeal or spot zoning. It was said in *Zinn v. Board of Zoning Appeals, supra,* so heavily relied on by the appellants: "It is true that there is no inherent objection to the creation of small districts within a residential zone, not inconsistent with a comprehensive plan, where establishments for the service and convenience of residents may be permitted. In some situations this may be a practical necessity, due in part to the rigidity of the classifications."

A reclassification is considered as "spot zoning" only when it does not bear a substantial relationship to the public health, safety, morals, and general welfare, and is not in harmony, but in conflict, with the comprehensive zoning ordinance. Where the proposed change is from one use to another, and there is, as here, already a considerable amount of property adjoining the property sought to be reclassified falling within the proposed classification, the proposed reclassification is not "spot zoning". *Offutt v. Board of Zoning Appeals, supra,* 561; *Hedin v. Board of County Commissioners,* 209 Md. 224, 120 A. 2d 663.

There is nothing here to show that the re-zoning by the Board was arbitrary, capricious, discriminatory, or illegal, and not fairly debatable. In fact it is directly to the contrary. The character of the neighborhood has changed to such an extent as to justify such rezoning. The order will be affirmed.

*Order affirmed. Costs to be paid by the appellants.*