## COUNCIL, ET AL. *v.* BOARD OF COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY ET AL.

[No. 280, September Term, 1960.]

*Decided June 13, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, MARBURY and SYBERT, JJ.

*Hayden S. Garber* and *James F. Vance,* with whom were *James R. Council, James G. Allard, Robert P. Smith, Earl W. Williamson, Thomas A. Delaney* and *William C. Overton, Jr.,* on the brief, for appellants.

*Raymond J. McDonough* and *Robert B. Mathias,* with whom were *Russell W. Shipley* and *Lionell M. Lockhart* on the brief, for appellees.

BRUNE, C. J., delivered the opinion of the Court.

This is the fourth rezoning controversy relating to property located generally in the Oxon Hill area of Prince George's County which has come to this Court since the adoption of a Master Zoning Map for that area in 1957. The three earlier cases are: *Board of County Com'rs of Prince George's County v. Donohoe,* 220 Md. 362, 152 A. 2d 555; *Overton v. Board of County Com'rs of Prince George's County,* 223 Md. 141, 162 A. 2d 457; *Overton v. Board of County Com'rs of Prince George's County,* 225 Md. 212, 170 A. 2d 172. In each instance a vigilant group of citizens residing in the neighborhood has sought to preserve the zoning status then established against the piecemeal rezoning of tracts in this area.[1] The present case involves a rather small tract of

---

1. Members of this group appeared at the hearing before the County Commissioners, acting as a District Council, in the Donohoe case. The rezoning application was originally denied by the

about three and a half acres originally zoned R-R (Rural Residential — lots of not less than 10,000 square feet). It constitutes something of a triangular wedge fitting between two almost touching corners of roughly diamond-shaped larger tracts, one of which, adjacent to the subject property, has recently been rezoned from R-R to R-55, a higher density classification (lots of not less than 6,500 square feet) and the other of which, across Kerby Hill Road and known as Kerby Hill Subdivision, in 1957 became in substance a non-conforming use in an R-R area, since it had actually been laid out and developed on a basis practically that of the R-55 classification. The appellants fear that this 3½ acre tract may serve not as a bridge between two essentially R-55 areas, but (geographically somewhat in reverse, and using a blunt end) as a wedge to pry off more land now zoned R-R.

The case arises out of the rezoning by the Board of County Commissioners of Prince George's County, sitting as a District Council for a part of the Maryland-Washington Regional District (referred to below as the "Council"), of what is now called Brooke Manor Estates, consisting of 3.5079 acres of land located on the south side of Kerby Hill Road approximately 1,200 feet west of Indian Head Highway, from R-R to R-55. This action of the Council was affirmed by the Circuit Court for Prince George's County (Gray, C. J.), and the appellants, neighboring property owners, took this appeal. The appellees are the Council and the purchasers of the property, who sought its rezoning. The appellants contend that there was no error in original zoning and that there has been no change in the character of the properties surrounding the land in question which would warrant the latter's being rezoned from R-R to R-55. In addition, they contend that it was improper for the Council to rezone the property when the owner thereof was using it in any way in violation of several provisions of the County Zoning Ordinance. The

Council, and members of this group were not parties to the ensuing proceedings in the Circuit Court or on appeal here. On a subsequent hearing the Council granted the rezoning, and there were no proceedings to review that action. This property is now known as Brooke Manor.

proponents of the rezoning do not press any contention that there was an error in the original zoning of the tract in question. We shall assume, without so holding, that there was none and turn now to the question of a change in conditions in the neighborhood.

The property in question, along with other property in the Oxon Hill area of Prince George's County west of Indian Head Highway, was originally zoned R-R in 1957. To the north of the subject property across Kerby Hill Road lies the Kerby Hill Subdivision which, as we have noted, is for all practical purposes an R-55 development. Beginning about one-half mile to the north of the property in question is the River Ridge Subdivision, which, like the Kerby Hill Subdivision, was planned and developed prior to the adoption of the Master Zoning Map and was zoned by that Map as R-R, though it, too, in actuality was an R-55 type development. Immediately adjacent to and southwest of the subject property is Brooke Manor Subdivision, a 39.5362 acre tract. This is the same tract which was involved in *County Com'rs of Prince George's County v. Donohoe, supra,* as to which the Council at first denied, but on later consideration (see Note 1 above) granted, a request for rezoning from R-R to R-55. This 39.5362 acre tract was purchased by the appellees, the Aragonas, after it had been rezoned and prior to their acquisition of the acreage involved in this case. Also rezoned by the District Council are two tracts which begin approximately 1,000 feet to the east of the subject property. These tracts were rezoned from R-R to R-18 (Multiple-family, low density residential).

Recognizing that the property in question had become an R-R wedge or peninsula jutting in between what were, in one case actually and in the other practically, R-55 areas, the Technical Staff of the Maryland-National Capital Park and Planning Commission, as well as the Commission itself, recommended that this property be rezoned from R-R to R-55. After a full hearing, at which both the appellants and appellees were heard, and the recommendation of the Planning Commission was considered, as well as other matters such as schools and traffic, the Council approved the zoning change

requested by the appellees, the Aragonas, basing its decision upon the fact that the property in question had, since the original zoning, become almost surrounded by R-55 developments. A change in the character of a neighborhood has long been recognized by this Court as a proper basis for the rezoning of relatively small areas. *Overton v. Board of County Com'rs of Prince George's County, supra,* 223 Md. 141, 162 A. 2d 457; *West Ridge, Inc. v. McNamara,* 222 Md. 448, 160 A. 2d 907; *Pressman v. Mayor and City Council of Baltimore,* 222 Md. 330, 160 A. 2d 379; *County Commissioners of Howard County v. Merryman,* 222 Md. 314, 159 A. 2d 854; *Mayor and City Council of Baltimore v. N. A. A. C. P.,* 221 Md. 329, 157 A. 2d 433, and *Eckes v. Board of Zoning Appeals,* 209 Md. 432, 121 A. 2d 249. As found by the trial court, the propriety of the decision of the District Council in this respect is at least fairly debatable and it must, therefore, be affirmed. *West Ridge, Inc. v. McNamara, supra.*

The appellants' contention that the Council erred in rezoning the property in question because the owners thereof were using the property in ways which violated the Zoning Ordinance is not sustainable. Other penalties than a denial of rezoning are provided for such violations as were alleged. The Aragonas may have run a considerable financial risk in proceeding in advance of final zoning approval. (Cf. *Restivo v. Princeton Construction Co.,* 223 Md. 516, 165 A. 2d 766.) However, the Council in deciding whether or not to rezone property on a piecemeal basis, is concerned with whether there was an error in the original comprehensive zoning, or, as here, a change in the condition of the neighborhood which has come about since the original zoning (see the cases cited in the preceding paragraph); and the Council is not debarred from granting rezoning because of some violation of the zoning ordinance. The appellants have cited no authority to the contrary and we know of none.

*Order affirmed; appellants to pay the costs.*