## LEVITT AND SONS, INC. *v.* BOARD OF COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY ET AL.

[No. 127, September Term, 1963.]

*Decided December 16, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Carlyle J. Lancaster,* with whom was *T. Hammond Welsh, Jr.,* on the brief, for the appellant.

*Robert B. Mathias,* with whom was *Russell W. Shipley* on the brief, for the Board of County Commissioners, one of the appellees.

*Nicholas Orem, Jr.,* with whom were *Duckett, Orem & Christie* on the brief, for the individual appellees.

MARBURY, J., delivered the opinion of the Court.

The Circuit Court for Prince George's County affirmed the action of the Board of County Commissioners of that county, acting as the District Council, in granting an application by Anath J. Bright, agent, to rezone thirty-five acres of land from R-R (Rural Residential) to C-1 (Commercial). The technical staff of the Prince George's County Planning Board of the Maryland-National Capital Park and Planning Commission had recommended denial of the application, and we note that the resolution passed by the District Council contains no facts or reasons to support its action contrary to the staff recommendation. Levitt and Sons, Inc., which owns substantial property near the parcel of land ordered rezoned, has appealed, asserting that there was neither a showing of error in the original comprehensive zoning map nor a change in the character of the area to justify the reclassification.

The land in question is situated on the southerly side of Annapolis Road (Route 450), southwest of Race Track Road (Route 703). It has a frontage of 1425 feet on Annapolis Road and a mean depth of about 930 feet. It is immediately adjacent to a thirty-five acre tract within Belair (a residential community which is being developed by appellant), rezoned previously to commercial. The latter tract is the site of the Belair Shopping Center, partly but not fully developed and serving the area residents.

In general the zoning pattern surrounding the subject property is as follows: C-1 and R-55 zoning to the west and R-80 to the north across Annapolis Road, all of which properties are in the Belair subdivision. All other land in the immediate area is zoned R-R except for the northwest corner of Race Track Road and Annapolis Road, which is zoned C-1.

There is no evidence that there was any error in the original zoning, nor do appellees so claim here. Thus the controversy narrows to the question of the sufficiency of a change of conditions in the area since the adoption of the comprehensive zoning map in 1960. If a change sufficient to warrant rezoning has been shown, or if there are facts from which the legislative body could reasonably have made such a finding, the courts may not interfere. *Bishop v. Bd. of Co. Comm'rs,* 230 Md. 494, 187 A. 2d 851; *West Ridge, Inc. v. McNamara,* 222 Md. 448, 160 A. 2d 907. Only where the record is devoid of supporting facts may the courts declare legislative or administrative action invalid. *Board v. Oak Hill Farms,* 232 Md. 274, 192 A. 2d 761. *Cf. Offutt v. Bd. of Zoning Appeals,* 204 Md. 551, 562, 105 A. 2d 219.

In short it is not the function of a reviewing court to constitute itself a zoning authority and substitute its views 'for those of the legislative arm of the local government. However, our review of the entire record before us leads us to the conclusion that the action of the District Council was not supported by evidence sufficient to make the facts fairly debatable and was therefore illegal.

Of several changes advanced by the appellees to support the rezoning, the only one of any magnitude which has actually occurred is the mushrooming Belair residential development and its adjacent commercially zoned shopping center. One parcel of about an acre at the northwest corner of Race Track Road and Route 450 that appellees point to as a change was actually a nonconforming use which was in existence at the time the zoning map was adopted and was included in the R-R zone. Others they point to are merely property acquisitions by the appellant which *may* be developed in the future. Interestingly, to support their claim of substantial change, the appellees point to a publication by the Maryland-National Capital Park and

Planning Commission of a *proposed* general plan for Prince George's and Montgomery Counties called "Wedges and Corridors" projected to the year 2000. Elsewhere in their argument, however, they discredit this and admit it can not even be characterized as a tentative plan. Along this same line, they discuss the publication of the National Capital Transportation Agency *proposing* that the Pennsylvania Railroad running through nearby Bowie be adapted for mass commuter rapid transit to and from Washington connecting with a *proposed* subway system within the city of Washington by 1968. This, we think, is the very "abstractions without meaningful specifics" that Judge Hammond wrote of for this Court in denying a requested R-10 zoning in *Board v. Oak Hill Farms, supra,* at page 284.

Appellees state that in considering a "piecemeal" zoning application, like the one before us, the reasonable foreseeable future uses of the subject and other property in the immediate area may be considered and cite *Trustees v. Baltimore County,* 221 Md. 550, 561, 158 A. 2d 637; *McBee v. Baltimore County,* 221 Md. 312, 317, 157 A. 2d 258; and *Huff v. Bd. of Zoning Appeals,* 214 Md. 48, 133 A. 2d 83, but those cases dealt with comprehensive plans, and we think their rationale is not applicable to the factual situation here involved. In *Trustees v. Baltimore County, supra,* we referred to the *McBee* case and reaffirmed that the "change or mistake" rule applicable to piecemeal rezoning does not apply to comprehensive zoning. Even if we were to take into consideration *reasonable* foreseeable future uses of the land in the immediate area, we think the plans cited by the appellees in support of rezoning are highly conjectural and too remote to be considered.

In the case of *West Ridge, Inc. v. McNamara, supra,* this Court held that a fairly debatable issue of substantial change existed where the proponents of the zoning had offered as factual evidence the following: (a) a population count within a radius of two miles; (b) the substantial growth in the area in six years; (c) relative access of the subject property as compared to other shopping centers; (d) the number of building permits issued in the area in approximately six years; (e) the number of zoning reclassifications in all categories; (f) the

number of residential developments in the area and of new houses planned therein; (g) that a marketing analysis indicated the need for a shopping center; (h) that new schools were being built; and (i) effect of rezoning on traffic.

The record upon which the proponents sought to support this rezoning before the District Council may be thus contrasted with that in the *West Ridge* case, *supra,* using the same designations (though rearranged) listed at page 452: (a) no population count was offered and the only evidence of any increase in population was in Belair; (b) no evidence was introduced of any present growth in the area except in Belair; (c) the subject property was accessible from the east and west by Route 450 on which it bordered, and from the north by Race Track Road; (d) no testimony was offered as to the number of building permits issued in the area, except that 1800 houses had been built in Belair; (e) no testimony was offered as to the number of zoning reclassifications requested, granted or denied since the adoption of the comprehensive plan in 1960 other than those already discussed elsewhere in this opinion; (f) no testimony was offered as to homes occupied, under construction or planned except in Belair; (g) no marketing analysis was made indicating whether commercial development of the property in question would tend to create "economic slum" conditions; (h) and (i) no testimony as to these was offered.

An analysis of the considerations listed above clearly demonstrates that there has been no evidence of substantial change in the immediate area of the subject property since the adoption of the comprehensive plan in 1960 and the rezoning of the thirty-five acre parcel within Belair as commercial, which would factually support the District Council in ordering the subject property rezoned. Furthermore, when the thirty-five acres within Belair were rezoned commercial in April 1961 the District Council in approving this must have considered the need for this commercial zoning and its adequacy to serve the surrounding area.

As indicated above, we think the record before us discloses no substantial evidence of change in conditions which would

make the issue of rezoning fairly debatable, and consequently we must reverse the lower court.

> *Order reversed, costs to be paid by appellee Bright.*