DAL MASO *v.* BOARD OF COUNTY COMMISSION-
ERS OF PRINCE GEORGE'S COUNTY, Etc.

[No. 342, September Term, 1964.]

*Decided April 13, 1965.*

The cause was argued before HAMMOND, HORNEY, MAR-BURY, OPPENHEIMER and BARNES, JJ.

*Richard B. Bland,* with whom were *Carlyle J. Lancaster* and *Bernard H. Conn* on the brief, for the appellant.

*Lionell M. Lockhart,* with whom were *Robert B. Mathias, Harry L. Durity* and *Joseph S. Casula* on the brief, for the appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This appeal involves a question of the fairness of the procedure before the zoning administrative authority as well as the determination of whether the denial of the appellant's application for reclassification of his property was illegal.

The appellant owns some 46 acres of land known as the Dal Maso tract, situated on Good Luck Road and the west side of the Baltimore-Washington Parkway, in Prince George's County. On July 12, 1963, he filed an application for the rezoning of this property from the R-R (rural residential) zone to the R-10 (multiple family medium density residential) zone before the Board of County Commissioners of Prince George's County sitting as the District Council (the Council). The application was referred to the Prince George's County Board of the Maryland National Capitol Park and Planning Commission (the Board), which referred the matter to its technical staff for a report. The report of the technical staff to the Board, dated January 8, 1964, recommended denial of the application. On the same day, the Board unanimously adopted a resolution recommending to the Council that the petition be disapproved. On February 19, 1964, a hearing on the application was held before the Council, after due notice, at which testimony was taken. Reference was made to the report of the technical staff, but the report was not formally offered in evidence. At the conclusion of the hearing, the Council took the matter under advisement. The technical staff report was added to the record, apparently by the reporter of the proceedings. On February 28, 1964, the Council unanimously denied the change requested. The appellant filed a petition for review in the Circuit Court for Prince George's County. Judge Powers held a hearing on the petition and the Council's answer thereto and thereafter filed his opinion and order affirming the action of the Council in denying the application. This appeal was taken from his order.

The appellant contends that the technical staff report was

never properly in evidence before the Council. Judge Powers, in his opinion, found that the contents of the technical staff report should be considered as a part of the record. He referred to Section 59-83 of Art. 17 of the Code of Public Laws of Prince George's County (1963). The appellant contends that sub-section 59-83 (a) of the Code is applicable only to Montgomery County, and that sub-section (b) governs the procedure on zoning amendments of the Prince George's County Planning Board. Sub-section (a) provides that with the Commission's resolution transmitting its recommendations with respect to an application for a zoning amendment under the section there shall be transmitted a copy of the report of the Commission's technical staff thereon. Sub-section (b) contains no such provision; it states that "[t]he planning board's resolution transmitting its recommendations on such applications shall include only its summary statement setting forth the basis for its action."

Assuming, without deciding, that sub-section (b) governs, that sub-section also provides that prior to the planning board's action on the proposed amendment it shall receive a report from its technical staff "which shall also be submitted to the applicant and/or his attorney or agent * * *". Absent proof to the contrary, the presumption in favor of the proper performance of duty by a public official (i.e. that a copy of the report was sent to the appellant or his attorney) controls. *Gregg v. Public Service Commission*, 121 Md. 1, 31, 87 Atl. 1111 (1913); *Lumbermen's Mut. Cas. Co. v. Ind. Acc. Com.*, 29 Cal. 2d 492, 501, 175 P. 2d 823 (1946); Davis, *Administrative Law Treatise*, § 11.06 (1958).

In any event, it is clear from the record that a copy of the report of the technical staff was available at the hearing before the Council. Mr. Hennessey testified on behalf of the Commission. He referred to a letter from a person protesting the application, in which the protestant requested that the report of the technical staff be made a part of the record and said "I would so suggest." Asked by the Vice-Chairman of the Council if he had a copy of it "which can be put in there, since it has been requested," Mr. Hennessey answered "Yes." At the end of the meeting, after the members of the Council had voted that

the appellant's application be taken under advisement, the transcript of the meeting shows "Copy of Technical Staff Report Marked Exhibit No. 9." This notation appears before the minute of the conclusion of the meeting. It is obvious that a copy of the report was available to the appellant at the hearing, even if he had not received it before, and that he knew, or should have known, that the report would be before the members of the Council during their consideration of his application.

In general, administrative agencies are not bound by the technical common law rules of evidence, but they must observe the basic rules of fairness as to parties appearing before them. *Bethlehem Steel Co. v. Munday,* 212 Md. 214, 219, 129 A. 2d 162 (1957); *Horn Ice Cream Co. v. Yost,* 164 Md. 24, 163 Atl. 823 (1933). See Code (1957) Article 41, Section 252; and Cohen, *Some Aspects of Maryland Administrative Law,* 24 Md. L. Rev. 1, 15-20 (1964). We have held that where a county Board of Zoning Appeals relied on a requested report of the County Planning Commission made after the hearing, the case had to be remanded for a further hearing at which the report could be introduced in evidence, and its findings challenged. *Temmink v. Bd. of Zoning Appeals,* 205 Md. 489, 496-7, 109 A. 2d 85 (1954). See also *Dembeck v. Shipbuilding Corp.,* 166 Md. 21, 170 Atl. 158 (1934). But it is the substance, not the form, which governs. When the party appearing before the board has the opportunity, however informally granted, to examine and challenge the report in question before the board reaches its conclusion, the requisite of procedural fairness has been met. See *Duncan v. McNitt Coal Co.,* 212 Md. 386, 396, 129 A. 2d 523 (1957) and Cohen, *op. cit.* at 16-18. In this case, the appellant had such an opportunity. We hold that Judge Powers was correct in considering the contents of the report as a part of the record.

The appellant contends that, even if the technical staff report be taken as part of the record, there was sufficient evidence of a substantial change in the character of the neighborhood to make the facts presented not fairly debatable and therefore it was arbitrary and unreasonable for the Council to deny the requested zoning classification.

The report of the technical staff shows that the appellant's

tract is irregular in shape; immediately to the west across Good Luck Road is an extensive wooded area, the Greenbelt Regional Park; to the east is a 35-acre tract, which is in the process of being acquired by the Board of Education for use as a Senior High School; there are garden apartments to the southeast, which stretch along the west side of the Baltimore-Washington Parkway; and to the southwest is a tract which has been acquired by the Board of Education for use as a Junior High School site. The report points out that the master plan for the Bladensburg-Defense Heights Planning area was adopted in 1960 and states that the only change in the zoning pattern, "in the vicinity of the subject property," since the adoption of the plan, has been some scattered rezoning to the west. Neither the Senior High School nor the Junior High School site was proposed in the 1960 plan but, in the opinion of the technical staff, since the zoning ordinance does not restrict schools to certain zones, the establishment of a public school in any area does not, of itself, constitute a change which is sufficient to justify rezoning of adjacent parcels. Further, the report points out, even though the Junior High School site is immediately to the southwest, it is separated by an effective physical barrier, the Brier Ditch. If the Senior High School is built on the proposed site, the report of the staff agrees that the school would have some effect on the property here involved but states that, while there might be some justification, if the school is built, for a reclassification of a portion of the property, it does not seem reasonable to permit a single change in the character of the general area to affect the future of the entire property as well as of the nearby areas, in violation of the adopted master plan. The report further finds that the tract is not in close proximity to a commercial or cultural center in the county, a factor which, in a recent ordinance amending the R-10 zone, is stated to be a criterion as to a suitable site for high density residential development.

Other aspects of the application are referred to in the report. The summarization is that there was no evidence of a mistake in the original zoning of the property; that the changes which have occurred in the vicinity of the property are not of the type or magnitude sufficient to justify granting of the requested

reclassification; that the requested reclassification is not in conformance with the master plan; and that the property is not in close proximity to one of the principal commercial and cultural centers of the county. The Commission adopted these conclusions and agreed with its staff that the application should be denied.

At the hearing before the Council, the appellant produced testimony from three land experts and a home builder. The experts testified that, in their opinion, the land would be best suited for the R-10 zone and that there was need for additional apartments. The home-builder testified that the property has a slope of at least twenty per cent and that there would be difficulty in building single family dwellings. One of the exhibits introduced on behalf of the appellant showed changes in the area since the adoption of the zoning ordinance of 1949 and the adoption of the Bladensburg-Defense Heights Plan in 1960. Thirteen zone reclassifications were shown since the adoption of the 1949 ordinance, and four rezonings granting apartment zoning classifications were made since 1960, all to the east of the Baltimore-Washington Parkway.

In his opinion, Judge Powers found, in evaluating the entire record, that while the appellant had presented much to support his view that the zoning classification of his property should be changed, all of the issues on the record were fairly debatable and that the reversal of the Council would, therefore, be unwarranted. We agree. The factual evidence before the Council was largely undisputed; it was the interpretation to be placed upon the facts as to which the differences arise. For example, the appellant argues that the apartment houses to the east of the Baltimore-Washington Expressway are in "the vicinity" of the applicant's property and that the staff report was in error in finding that the property is not in "close proximity" to a commercial or cultural center because public schools and the Greenbelt Regional Park must fall within the definition of a cultural center. These are questions of expert judgment. The zoning reclassifications, relied upon by the appellant since the adoption of the 1949 ordinance, were made before the adoption of the 1960 plan, except for four parcels to the east of the Parkway. Reviewing the entire record, we can not say that the

action of the Council, relying upon the report of the technical staff and the recommendations of the Commission, was arbitrary, capricious or illegal. It is not the function of the courts to zone or rezone, or to substitute their judgments for that of the expertise of the zoning officials. *DePaul v. Board,* 237 Md. 221, 226, 205 A. 2d 805 (1965) and cases therein cited.

In support of its contention that this case does not come within the "fairly debatable" rule, the appellant cites *Levitt & Sons v. Board,* 233 Md. 186, 195 A. 2d 723 (1963); *Board v. Oak Hill Farms,* 232 Md. 274, 192 A. 2d 761 (1963); and *West Ridge, Inc. v. McNamara,* 222 Md. 448, 160 A. 2d 907 (1960). There are material differences between those cases and this. In *Levitt,* the Council had granted an application to rezone property, although the technical staff and the Planning Commission had recommended denial; in reversing the action of the lower court which affirmed the Council's action, we noted that the resolution passed by the Council contained no facts or reasons to support its action contrary to the staff recommendation. In *Oak Hill Farms,* the technical staff had recommended denial of the application, but the Planning Commission rejected the staff's recommendation. We approved the order of the lower court reversing the action of the Council in refusing to rezone the property. In so doing, we pointed out, *inter alia,* that the master plan for the area was only tentative and had not been adopted as proposed. In *West Ridge,* the Board of County Commissioners of Anne Arundel County rezoned certain property after approval of the proposed rezoning by the County Planning and Zoning Commission. We reversed the decree of the lower court declaring the resolution invalid; we held that the question of rezoning was at least fairly debatable. In the present case, denial of the application was recommended by the technical staff and the Commission on grounds which were at least fairly debatable. In adopting those recommendations, even in the light of the testimony on behalf of the appellant, the Council, as the lower court held, was clearly acting within the scope of its authority.

*Order affirmed; costs to be paid by the appellant.*