# BUCHANAN SCHLEY, STATE TAX COMMISSIONER, vs. THE COUNTY COMMISSIONERS OF MONTGOMERY COUNTY.

*Assessment for Taxation of Shares of Stock—Book Value and Market Value—Injunction Against Improper Valuation.*

Under Code, Art. 81, the State Tax Commissioner is directed to fix the taxable value of the shares of stock of corporations by first ascertaining the gross or total value of the shares, and deducting therefrom the value of the real estate owned by the corporation, upon which taxes are separately levied. In assessing the shares of stock of certain banks, the Tax Commissioner added together the amount of the capital stock, surplus fund and undivided profits, including the sinking or contingent funds and from this amount, being the so-called book value, he deducted the assessed value of the real estate owned by the bank and also one-fourth of the total amount of the assessment. *Held*, that it is the duty of the Tax Commissioner to pursue a method which will result in ascertaining the actual value of the shares; that in the case of shares in a bank currently bought and sold, the market price is the best evidence of their value; that the book value of the shares of stock is not a true measure of their actual value, because it takes no account of elements contributing to the earning capacity of the corporation; that the method adopted by the Commissioner of accepting the book value alone as the criterion of the worth of the shares of banks is improper, and that in making his assessment, he should have a special regard to the market price of those shares which, from the frequency of their sale, may be regarded as having a market price, and as to other shares, he should ascertain and consider all of the elements tending to establish their intrinsic value, and that the deduction, if any, to be made from the gross valuation of shares must be only such as to provide against probable fluctuations in value.

Equity has jurisdiction of a bill to restrain the Tax Commissioner from assessing for taxation the shares of stock of corporations according to a fixed method which will not result in ascertaining their real value, since the question in such case does not concern the judgment of the Tax Commissioner, or the amount of the assessment made by him, but relates to the legality of his method of valuation.

*Decided June 25th, 1907.*

Appeal from the Circuit Court for Anne Arundel County (REVELL, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER, BURKE, and ROGERS, JJ.

*William S. Bryan, Jr., Attorney-General,* for the appellant.

*Blair Lee* and *George H. Lamar* (with whom was `A. T. Brady* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

We have stated in the opinion filed in the case of Blair Lee *vs.* the present appellant, No. 39 of the present docket that that case and the present one were instituted at the same time in the same Court and for a common purpose. We also there stated that the purpose of both suits was to have the appellant as Tax Commissioner restrained from making his assessment for the year 1907, of the shares of stock of the two national banks there mentioned and the assets of a fire insurance company, in the manner proposed by him and to have him required to make the assessments in the manner set forth as correct. The method of making the assessment about to be pursued by him is alleged in the bills of complaint to be erroneous and unlawful both in the plan to be adopted by him of ascertaining the gross value of the shares of capital stock of the two banks and also of making deductions from that value in order to arrive at the net or final value of the shares to form their taxable basis. We have already in Blair Lee's case fully disposed of the questions relating to the deductions which the Commissioner proposes to make for real estate and investments of a certain character in arriving at the net or final value of the shares of the banks and the assets of the insurance company. Our consideration will now be given to the plan by which he intends to ascertain the gross value of the shares of the banks from which to deduct the value of the real estate and investments.

The allegation of the bill in the present case, in that respect, which in so far as it consists of statement of facts is admitted by the demurrer, is as follows, "The defendant proposes, in assessing the shares of stock of each of said banks, to add the

amount of the capital stock, surplus fund and undivided profits, including the sinking, reserved or contingent fund aforesaid, and from the sum thus obtained or so called book value, allow deductions of one-fourth of the amount so ascertained also the assessed value of the real estate of said respective banks and further the full amount of the par value of the stock debt of Baltimore City so held by said respective banks on January 1st, 1907, as aforesaid and to divide the sum remaining after the deductions aforesaid by the number of shares of capital stock issued of such respective banks and the quotient, so ascertained the defendant as State Tax Commissioner proposes and is about to certify as the basis for State, county and municipal assessment against each share of the capital stock of said banks,   *   *   *   That is to say the defendant in assessing the capital stock of said the Montgomery County National Bank proposes to disregard the earning capacity of said shares of stock of more than $17\frac{1}{2}$ per cent. per annum and the market value thereof as demonstrated thereby and by the aforesaid reported sales at $250 to $300 per share, and take the book value of $218,129.57 and arbitrarily and without authority of law deduct one-fourth of said book value or $54,532.39 thus reducing the gross value per share to $163.59." The bill further alleges that after the Tax Commissioner has carried out his purpose of deducting from this gross value of the shares the value of the real estate and city stock held by the bank the value of each share of stock of the bank will for purposes of taxation be reduced to $15.39 and thus there will in effect result an unlawful exemption, from taxation for county and municipal taxation in Montgomery County, of a large part of the value of the shares of said bank.

Two questions in reference to the state of facts thus alleged are presented by the record for our determination. The first is whether we have jurisdiction to interfere with or control the plan by which the Tax Commissioner proposes to make the assessment, and the second is the legality or illegality of the plan itself.

We have no doubt of our jurisdiction to entertain this ap-

peal.    The question presented by it is not one of the *judgment* of the Tax Commissioner or of the *amount* of the assessment made by him.    It is one of his *power* to make the assessment in the manner proposed by him, *i. e.* of the legality of his *method of valuation* of the shares. to be assessed by him.    We have already passed upon the question of our jurisdiction in such cases in our opinion in Blair Lee's case and still more fully in the recent case of the *Consolidated Gas Co.* v. *Baltimore City*, 101 Md. 558-9, and it is unnecessary to repeat what we there said.

It is to be observed that sec. 159 of Art. 81 which directs the Commissioner to make the assessment contains no specific directions as to the manner in which the value of the shares is to be ascertained.    It does not even say, as sec. 210 of the same Article does in reference to the valuation of the stocks therein mentioned, that they shall be assessed "at their actual value in the market;" but as sec. 15 of the Bill of Rights requires taxation to be according to the actual worth of the property it is the duty of the Commissioner to pursue a method which resnlts in the ascertainment of the actual value of the shares assessed by him.    The value of an article is ordinarily what it will bring at a fair sale in the market, unless it be of so special a nature that no market for it exists and then its intrinsic value must be ascertained by a consideration of its cost, nature, utility and other characteristics.    It may be safely said as a general rule that the market price of the shares of stock of the character referred to in sec. 159 is not only a fair index of their value but is the best one obtainable.    That is certainly true of stocks which are currently bought, sold and quoted on the stock exchanges and other centres of trade in securities.

The method pursued by the Tax Commissioner, of ascertaining what is commonly known as the book value of each share of banks and trust companies by adding the capital stock, surplus and undivided profits of the corporation and dividing the total thus obtained by the number of shares into which its capital is divided, is neither a true guide to the value of the shares of a particular corporation nor one that operates

equally when applied to the shares of a number of different corporations. The book value of the stock of a corporation undoubtedly bears an important relation to its actual or market value and in financial corporations it bears a much closer relation to that value than in manufacturing or trading corporations, but the book value alone of the shares is neither a safe nor true measure of their actual value because it leaves out of view the many elements contributing to the earning capacity of the corporation which, with banks and trust companies, is always an important and often the chief factor in establishing the value of the corporate stock. In corporations of that character whose chief business consists in receiving deposits, discounting paper and making loans on collateral, the current line of deposits which can be utilized for loans or discounts may be and often is many times as great as the combined capital, surplus and undivided profits. It is a matter of common knowledge that the market value of one of two banks or trust companies, located in the same community and having the same total amount of capital, surplus and undivided profits, will be two or three or more times as high as that of the other.

It is thus apparent that the fixed and uniform method pursued by the Tax Commissioner of accepting the book value alone as the criterion of the worth of the shares of banks and trust companies is inadequate either to ascertain their true value or to effectuate the equality of taxation, as between the owners of shares in different corporations, demanded by the fundamental law of the State. The commissioner in making his assessment should have especial regard to the market price of those shares, which from the frequency of their sales may be fairly regarded as having a market price, and as to any shares not having a market price he should ascertain and consider all of the elements tending to establish their intrinsic value.

As the value of corporate shares of the character now under consideration is liable to some fluctuation and the assessment is required by law to be made at the same time in each year, it is not improper for the Tax Commissioner to make a reasonable and just deduction, according to the condition of the

market and of the respective corporations, from what he ascertains to be their value of the shares at the date of the assessment but his practice of making a hard and fast deduction of one-fourth of their value in all cases is not proper.    There may be instances in which a deduction to that extent would be justifiable, but to deduct one-fourth from the value of the shares of a well established and prosperous bank or trust company would practically operate to tax the owners of its shares at but three-fourths of the rate imposed upon the owners of other property in the same community.    The deduction, if any, to be made by the commissioner from his original valuation of any corporate shares must be only such as will in his judgment provide against the probable fluctuations in the value of those shares and result in their fair and just assessment.    That result cannot be reached by a fixed and inflexible rate of deduction from the estimated value of the shares of all corporations of the classes to which we have referred, but the deduction if any in each case must be founded upon the state of facts there presented.

It is unnecessary to again state our views upon the question of our jurisdiction to entertain this appeal, or of the necessary parties to the case.    We must be understood as making the same ruling here upon those two points that we made in Blair Lee's case.

The order appealed from will be affirmed and the case remanded for further proceedings in accordance with this opinion.

*Order affirmed with costs and case remanded.*

BRISCOE, J., dissented.