## FAIRCHILD HILLER CORPORATION *v.* SUPERVISOR OF ASSESSMENTS FOR WASHINGTON COUNTY

[No. 109, September Term, 1972.]

*Decided January 3, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Kenneth J. Mackley,* with whom were *Mackley, Gilbert & France* on the brief, for appellant.

*E. Stephen Derby, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

Human nature being what it is, the average taxpayer wishes to purchase at the lowest possible cost and to be assessed for tax purposes at the lowest possible amount, but to sell for the highest dollar amount possible. Here appellant, Fairchild Hiller Corporation (Fairchild), is unhappy with the assessment on its real estate in Washington County. It does not wish to concede that it may have bought a bargain. Its appeal from the decision of the Maryland Tax Court was entered prior to the passage of Chapter 385 of the Acts of 1971 providing in what is now Code (1957, 1969 Repl. Vol., 1972 Supp.) Art. 81, § 229 (1) for a direct appeal to this Court.

It may be well to set forth the legal ground rules for such an appeal. Under § 229 (1) as it existed prior to

the 1971 amendment, the circuit court was required to affirm the tax court's determination unless its "order [was] erroneous as a matter of law or unsupported by substantial evidence appearing in the record." The Maryland Tax Court is not to "be bound by the technical rules of evidence," § 229 (f). The supervisor of assessments was required to assess the land at its full cash value on the date of finality (January 1, 1968, in this instance), which is defined as "current value less an allowance for inflation, if in fact inflation exists," Art. 81, § 14 (b) (1). Ordinarily cash value would be current market value, or what a willing purchaser would pay to a willing seller in the open market, *Bornstein v. State Tax Commission*, 227 Md. 331, 337, 176 A. 2d 859, 96 A.L.R.2d 661 (1962), unless the property is of such a special nature that no market for it exists and then its intrinsic value must be ascertained by consideration of its cost, nature, utility, and other characteristics, *Schley v. Montgomery County*, 106 Md. 407, 410, 67 A. 250 (1907). Assessing authorities, however, are not required to be guided entirely by market prices regardless of how "thin" the "spot market" may be. *Meade Heights v. Tax Commission of Maryland*, 202 Md. 20, 30, 95 A. 2d 280 (1953), and *Rogan v. Commissioners of Calvert County*, 194 Md. 299, 311, 71 A. 2d 47 (1950). Moreover, as we said in *Weil v. Supervisor of Assessments of Washington County*, 266 Md. 238, 292 A. 2d 68 (1972) :

> "Valuation of land is not an exact science. Experts nearly always differ as to their opinion of fair market value." *Id.* at 254.

The common denominator for testing judicial review of the act of an administrative agency such as the Maryland Tax Court has been defined as "whether a reasoning mind reasonably could have reached the factual conclusion the agency reached. This need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment." *Insurance Com-*

*missioner v. National Bureau,* 248 Md. 292, 309-310, 236
A. 2d 282 (1967), quoted in *Supervisor of Assess. v.
Banks,* 252 Md. 600, 610, 250 A. 2d 860 (1969).

In this case Fairchild asks us to read *State Tax Commission v. Brandt,* 202 Md. 533, 97 A. 2d 290 (1953), as
sanctioning the resort to factors other than market value
in determining full cash value only in the absence of a
market or in the case of a thin market, a point we shall
not be required to reach.

Fairchild purchased its plants from the United States
Government by deed dated November 29, 1967, but a few
days prior to the date of finality. It has struggled manfully to establish that purchase price as indicative of its
fair market value.

To us, Fairchild urges (1) that the Maryland Tax
Court erred as a matter of law in declining to consider
the market value of the property as a criterion for establishing value and (2) that the admission into evidence of an appraisal report, assessments of two other
plants, and the testimony of an individual employed by
the Department of Assessments and Taxation constituted
reversible error.

On the first point Fairchild divides its argument, contending that the sale to it established the market value
of the plant and that the tax court erred as a matter of
law in rejecting offered evidence of "comparable sales."
It misses the point. An element of judgment is involved
in determining whether the sale to Fairchild represented
the fair market value and in determining whether the
proffered "comparable sales" were such sales as could
be determinative of true market value. On the sale to
Fairchild the tax court said in rejecting that sale as indicative of fair market value:

> "The sale of the complex from G.S.A. to
> Fairchild was not in the open market where ordinarily the market value of property is the
> value a willing purchaser will pay for it to a willing seller at a fair sale. The Air Force had de-

termined the complex to be excess only as to ownership but not as to requirements so that the negotiations of the sale were restricted as to G.S.A. and Fairchild only. Under these terms, there could be no opportunity for any other interested parties to submit bids which might be used as the basis for market value. The sale was not an at-arms-length sale as both the government and Fairchild had internal compelling reasons to effectuate the sale, Fairchild for reasons of commercial construction of aircraft, and the government for reasons of military construction of aircraft."

Relative to the proffered comparable sales the tax court observed that they "were not truly comparable in regard to time, geographical location, construction, over-all size, and use," and went on to conclude "that the fairest and most equitable method of assessment is the reproduction cost less allowances for depreciation and obsolescence." A reasoning mind reasonably could have reached the factual conclusions of the tax court. The burden is upon Fairchild to show error in the assessment, *State Tax Commission v. C. & P. Telephone Company,* 193 Md. 222, 66 A. 2d 477 (1949), which it has not done.

The short answer to the contentions relative to admissibility of certain of the evidence is that the technical rules of evidence are not applicable in this case. Judge Barnes said for the Court in *Redding v. Bd. of County Comm'rs,* 263 Md. 94, 282 A. 2d 136 (1971), on the issue of hearsay evidence:

"[W]e have held that such evidence is admissible before an administrative body in contested cases and, indeed, if credible and of sufficient probative force, may be the sole basis for the decision of the administrative body. See *Tauber v. County Board of Appeals,* 257 Md. 202, 213, 262 A. 2d 513, 518 (1970) and prior cases therein cited." *Id.* at 110-11.

Judge Oppenheimer put it for the Court in somewhat different words in *Dal Maso v. Bd. of Co. Comm'rs,* 238 Md. 333, 209 A. 2d 62 (1965), where he said:

> "In general, administrative agencies are not bound by the technical common law rules of evidence, but they must observe the basic rules of fairness as to parties appearing before them. *Bethlehem Steel Co. v. Munday,* 212 Md. 214, 219, 129 A. 2d 162 (1957) ; *Horn Ice Cream Co. v. Yost,* 164 Md. 24, 163 Atl. 823 (1933). See Code (1957) Article 41, Section 252; and Cohen, *Some Aspects of Maryland Administrative Law,* 24 Md. L. Rev. 1, 15-20 (1964)." *Id.* at 337.

We have examined the record as a whole and conclude that there has been no violation of the basic rules of fairness.

*Order affirmed; appellant to pay the costs.*