539 A.2d 632

INTERNATIONAL BUSINESS MACHINES CORPORATION

v.

STATE DEPARTMENT OF ASSESSMENTS
AND TAXATION.

No. 74, Sept. Term, 1986.

Court of Appeals of Maryland.

April 4, 1988.

Morris Rosenberg and Michael S. Scher (Tydings & Rosenberg, on the brief), Baltimore, for appellant.

Kaye Brooks Bushel, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, COUCH * and McAULIFFE, JJ., and MARVIN H. SMITH and CHARLES E. ORTH, Jr., Associate Judges of the Court of Appeals of Maryland (retired) Specially Assigned.

COLE, Judge.

The appellant, International Business Machines Corporation (IBM), a manufacturer of business computers, uses its own computers to conduct internal IBM business operations throughout the country. The appellee, State Department of Assessments and Taxation (the Department), is required to impose a personal property tax on IBM property used by the manufacturer in its business. This case concerns a dispute over the amount of the personal property tax IBM is to pay for the computers it manufactured and used in its own business in 1982 in Maryland.

The parties agree to the following facts. In its 1982 Maryland personal property tax return, IBM reported the computers at their cost of manufacture. After receiving the return, the Department requested that IBM forward information relating to the approximate selling price of the computers. The Department used this information to prepare a final assessment which valued the computers in question at over three times the amount of IBM's cost of

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

manufacture. IBM appealed the final assessment to the Maryland Tax Court which found in favor of the Department. The decision of the Tax Court was subsequently upheld by Judge Milton B. Allen on appeal to the Circuit Court for Baltimore City. Being persistent, IBM appealed to the Court of Special Appeals. This Court granted certiorari prior to consideration by the intermediate appellate court.

■ The specific question presented is whether the "full cash value" standard, represented by market value, is the appropriate measure for assessing the personal property tax on property manufactured and then utilized within the internal operations of the taxpayer's business.

In 1982, Maryland Code (1957, 1980 Repl.Vol.) Article 81, § 14(a) required that personal property be separately classified and subclassified for assessment purposes.[1] Section 14(b)(3) specifically provided:

> All personal property directed in this article to be assessed shall be assessed at its full cash value on the date of finality. The term full cash value as used in this subsection means current value without any allowance for inflation. In determining this value, the assessing authority shall consider any sums paid in connection with the acquisition of the property when acquired through a purchase or lease purchase or other similar kind of agreement for transfer of title after a period of use of the property.

Pursuant to this legislative directive, the Department issued a regulation, COMAR 18.03.01.04(C)(2), classifying personal property as either "stock in business/inventory" or "all other personal property" and outlining reporting considerations. COMAR 18.03.01.04(C)(2) provides:

---

**1.** Article 81, § 14 was repealed effective February 1, 1986, by Acts 1985, ch. 8, § 1. Similar provisions were subsequently reenacted. *See* Md.Code (1986, 1987 Cum.Supp.) § 8–101 to § 8–111 of the Tax–Property Article.

"All other personal property" is assessed at full cash value. Taxpayers shall report property which has been acquired by purchase at cost in the year of acquisition. Taxpayers shall report property which has been acquired other than by purchase (*including property manufactured by the taxpayer*) at what the property would have sold for in the year of acquisition. (Emphasis added). The parties agree that the property in question in this case falls within the category of "all other personal property."

IBM argues that Article 15 of the Maryland Declaration of Rights[2] and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution[3] require that the standard of "full cash value" be applied uniformly throughout the subclass "all other personal property." IBM asserts that the Department's assessment is not uniform because IBM, as a user of the products it manufactures, will be assessed at what like property would have sold for to a purchaser in the *retail market* while those taxpayers who acquire property by purchase are required to report the property at *cost of acquisition.* In particular, IBM contends that a wholesaler could purchase

---

**2.** Article 15 provides in pertinent part:

[T]hat the General Assembly shall, by uniform rules, provide for the separate assessment, classification and sub-classification of land, improvements on land and personal property, as it may deem proper; and all taxes thereafter provided to be levied by the State for the support of the general State Government, and by the counties and by the City of Baltimore for their respective purposes, shall be uniform within each class or sub-class of land, improvements on land and personal property which the respective taxing powers may have directed to be subjected to the tax levy; yet fines, duties or taxes may properly and justly be imposed, or laid with a political view for the good government and benefit of the community.

**3.** The 14th Amendment provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

an IBM computer for use in its internal business operations and only be assessed for the wholesale price (cost of acquisition) while if IBM uses the same computer in its operations the property will be assessed at the retail price. To avoid this purported lack of uniformity, IBM suggests that it too should be assessed at cost of acquisition which is equivalent to its cost of manufacture.

In light of IBM's failure to present evidence of an established wholesale price for the IBM computers subject to taxation in this case we need not decide whether an assessment based on wholesale price would satisfy the statutory requirement that all assessments be based on full cash value. Rather, we focus on IBM's contention that cost of manufacture is equivalent to full cash value.

IBM also asserts that if it is assessed at the retail price of the computers, rather than the cost of manufacture, the Department will be permitted to improperly include profit and administrative overhead within the "full cash value" of the property although the property was never actually sold. IBM relies on *State Dep't of A. & T. v. Greyhound Computer*, 271 Md. 575, 586, 320 A.2d 40 (1974) which defines the term " 'full cash value' ... to mean 'market value'— what a willing purchaser would pay to a willing seller in the open market." (Citations omitted). IBM argues that a taxpayer would never be a willing purchaser of a product at a price exceeding that at which it could manufacture the product itself, and therefore, retail price should not be considered "full cash value."

The Department contends that the uniformity required in regard to the taxation of personal property is that "all personal property within the statutory subclassification ... be valued on the same standard or economic yardstick." That standard, full cash value, can be measured by applying the willing purchaser—willing seller test. *St. Leonard Shores Joint Venture v. Supervisor*, 307 Md. 441, 514 A.2d 1215 (1986).

According to the Department, the case *sub judice* is controlled by *Greyhound Computer* which allegedly establishes that the full cash value of property manufactured and utilized by a taxpayer is the market value of the property. Further, the Department argues that IBM, as the manufacturer of the property subject to taxation, is not the "willing purchaser" contemplated in the measurement of full cash value. Rather, the "willing purchaser" must be considered from an objective standpoint, without the exceptional or extraordinary interests which are reflected in IBM's position in this case.

We agree with the Department that IBM must be assessed at the full cash value of the property it manufactures and uses in its internal business operations. Further, the full cash value of the property involved in this case is equivalent to market value (the willing purchaser-willing seller approach), rather than the cost of manufacture as IBM suggests. We explain.

Article 15 of the Maryland Declaration of Rights mandates that all personal property taxes be assessed uniformly. In accord with this constitutional directive, Article 81, § 14 provides that all personal property is to be assessed at "full cash value." To aid in the valuation of personal property, the Department issued COMAR 18.03.01.04(C)(2) requiring those taxpayers who purchase personal property to report the property's *cost* on their tax return while those taxpayers who acquire property "other than by purchase" are required to report the property's estimated *selling price* on their returns. IBM objects to taxation based on the market value of the computers it manufactures and uses in its internal business operations. Those objections, however, are without merit in this case.

This Court had the opportunity to analyze the taxation of "all other personal property" in *Greyhound Computer*. Specifically, the Court discussed the proper method of valuation to be employed in the assessment of data processing equipment which the taxpayers had manufactured and leased. The Court decided that the property in question

should be assessed at "full cash value" which was deemed to be the market value of the property, rather than at cost of manufacture as the taxpayers argued.[4] Although *Greyhound Computer* involved the leasing of property subject to taxation by the manufacturer-taxpayer, while the case *sub judice* involves actual use of the property by the manufacturer-taxpayer, we find *Greyhound Computer* to be dispositive.

In that case we engaged in a lengthy discussion of the meaning of "full cash value" concluding that the phrase referred to the "market value" of the property. *Greyhound Computer*, 271 Md. at 585, 320 A.2d 40. *See also San Francisco Nat'l Bank v. Dodge*, 197 U.S. 70, 79-80, 25 S.Ct. 384, 386, 49 L.Ed. 669 (1905) (full cash value is to be determined without exceptional and extraordinary considerations). We looked to the definition of "actual worth" as established in *Schley v. Montgomery County*, 106 Md. 407, 67 A. 250 (1907) in making that determination.

[T]he value of an article is ordinarily what it will bring at a fair sale in the market, unless it be of so special a nature that no market for it exists and then its intrinsic value must be ascertained by a consideration of its cost, nature, utility and other characteristics. Subsequent cases have relied on *Schley* to define the term full cash value as used in Article 81, § 14, to mean market value—what a willing purchaser would pay to a willing seller in the open market. (Citations omitted). We think that

---

**4.** Prior to 1970, the Department assessed property manufactured and leased by taxpayers at its cost of manufacture while like property purchased and leased by other taxpayers was assessed on the higher valuation basis of purchase price. In 1969, a taxpayer who purchased and leased data processing equipment protested its assessment at purchase price when IBM, a manufacturer—lessor, was only assessed at cost of manufacture. The Tax Court found that the Department's assessment scheme lacked uniformity and thus violated Article 15 of the Maryland Declaration of Rights. Following this decision, the Department determined that it would assess manufacturer—lessors at the higher selling price valuation. This led to a protest by the manufacturer-lessors, and thus, the Greyhound Computer case. *See Greyhound Computer*, 271 Md. at 578-80, 320 A.2d 40.

definition is consonant with the natural meaning of the term full cash value; indeed, the weight of authority from other jurisdictions is in accord with this definition, and it was established precedent at the time of the enactment of Art. 81, § 14 in 1958.

*Greyhound Computers,* 271 Md. at 586, 320 A.2d 40. (Footnote omitted). *See also St. Leonard Shores Joint Venture v. Supervisor,* 307 Md. 441, 445–46, 514 A.2d 1215 (1986) and cases cited therein.

We rejected the argument of the appellee-taxpayers in *Greyhound Computers,* that their property should be assessed at cost, after firmly establishing that the data processing equipment in question was not inventory but came within the classification of "all other personal property." Our interpretation of Article 81, § 14 led to the conclusion that "all other personal property" should be assessed at "full cash value."

Had the Legislature intended that the standard of cost or market value, whichever is lower, was synonymous with, and would constitute the measure of full cash value for all personal property, there would have been no necessity to separately subclassify stock in business from other personal property, and no need to differentiate between the basis of valuation applicable to each subclass of property.

*Greyhound Computer,* 271 Md. at 588, 320 A.2d 40.

We likewise rejected the contention of the appellee-taxpayers that the Department "through its policy of assessing the property of 'manufacturer-lessors' at its selling price, while assessing the property of 'purchaser-lessors' at its cost, i.e., purchase price, has created an unauthorized subclass of personal property and directed nonuniform assessments." *Id.* at 591, 320 A.2d 40. The Court reminded the appellee-taxpayers that "[i]t has long been established that assessors have reasonable latitude in selecting any proper method of valuation that results in assessment at full cash value." *Id; see also Macht v. Dep't of Assessments,* 266 Md. 602, 608–09, 296 A.2d 162 (1972); *Weil v. Supervisor,*

266 Md. 238, 250–51, 292 A.2d 68 (1972); *Sears, Roebuck & Co. v. State Tax Comm'n*, 214 Md. 550, 557–58, 136 A.2d 567 (1957); *Seaboard Commercial Corp. v. State Tax Comm'n*, 181 Md. 234, 243–44, 29 A.2d 294 (1942).

In approving the Department's valuation methods in *Greyhound Computer*, we recognized that in order for the Department to satisfy its statutory mandate of uniformly assessing "all other personal property" at "full cash value" it had to measure the market value of the property to the manufacturer-lessors as consumers, and not as manufacturers. *Greyhound Computer*, 271 Md. at 591, 320 A.2d 40. Since purchase price reflected "full cash value" of the property held by the purchaser-lessors, the Department's method of assessment of the two groups was uniform and therefore valid.[5]

The reasoning applied in *Greyhound Computer* is also appropriate in the case *sub judice*. Like the taxpayers in that case, IBM argues that a valuation of "all other personal property" for assessment purposes based on market value rather than cost of manufacture lacks uniformity. However, IBM, like the taxpayers in *Greyhound Computer*, must be assessed as a *consumer* of its own property, rather than as a manufacturer, to arrive at a uniform "full cash value" for that property. IBM, as a user of its own products, is as much a consumer in this case as the manufacturer-lessors were in *Greyhound Computer*. Accordingly, we find that market value is the proper method of valuation, for tax assessment purposes, as to the computers manufactured and used by IBM in its internal business operations.

---

**5.** Although the Greyhound Computer Court remanded the issue for further evidentiary development, the Court also indicated that an assessment based on cost of manufacture for equipment manufactured but not leased could be a violation of the statutory directive to assess all personal property at "full cash value." *Greyhound Computer*, 271 Md. at 593–94, 320 A.2d 40.

■ IBM also argues that by allowing the market value of the property to be used for assessment purposes, sales costs and profit will be improperly included within the amount of the "full cash value." In regard to this argument it must be recognized that "[p]erfect uniformity of assessment is impossible." *State Tax Comm'n v. Brandt Cabinet Works*, 202 Md. 533, 543, 97 A.2d 290 (1953); *see also State Tax Comm'n v. C. & P. Tel. Co.*, 193 Md. 222, 235, 66 A.2d 477 (1949) ("Perfect equality [in the valuation of property for taxation] is unattainable. If assessments could be upset by comparison of a few widely different properties, on the basis of a selected few of the many elements or evidences of value, no assessment could stand."). It must also be remembered that the assessing authority is not bound to accept the value which the taxpayer attributes to a particular item of property. Article 81, § 14(b)(3) only requires that the assessing authority *consider* any sums paid acquiring the property. Accordingly, the assessing authority can arrive at a just and fair assessment by increasing or decreasing the amount reported on the taxpayer's return as the particular circumstances require.

To the extent that IBM complains that other taxpayers are underassessed, its "remedy lies not in attempting to be relieved of the assessment itself but in restraining the [Department] from not properly assessing other [taxpayers]." *C. & P. Telephone*, 193 Md. at 235, 66 A.2d 477. *See also Rogan v. County Commissioners*, 194 Md. 299, 313, 71 A.2d 47 (1950) ("We accept the rule, as adopted in other States, that the assessment of the property of others at a lower proportion of its value than that of a complaining taxpayer, *which is not assessed at more than its fair cash value*, does not make the tax on the latter invalid, unless the assessment was fraudulently made."). (Citations omitted).

As we do not find the assessment in this case unlawful, unreasonable or against the substantial weight of the evidence, the decision of the Circuit Court for Baltimore City is affirmed.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.